**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

_____

| | |
|---|---|
| MANN+HUMMEL FILTRATION ) | |
| TECHNOLOGY US LLC, ) | |
| MANN+HUMMEL PUROLATOR ) | |
| FILTERS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| BS PRODUCTS LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

_____ )

## COMPLAINT

Plaintiffs MANN+HUMMEL Filtration Technology US LLC ("FTUS"), and
MANN+HUMMEL Purolator Filters LLC ("MPUS") (collectively, "Plaintiff" or
"MANN+HUMMEL"), by and through their undersigned counsel, sue Defendant BS Products
LLC ("Defendant" or "BSP"), and hereby alleges and avers as follows:

### NATURE OF THE ACTION

1.      This is an action seeking permanent injunctive relief and damages for (1) breach of
contract; (2) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (3) false
designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a);
(4) cancellation of Defendant's trademark registration; (5) unfair and deceptive trade practices
under the laws of the State of North Carolina pursuant to N.C. Gen. Stat. § 75-1.1, *et seq*.; and (6)
North Carolina common law unfair competition, all arising from Defendant's failure to pay
MANN+HUMMEL amounts owed on certain purchase orders and unlawful conduct in knowingly

and intentionally adopting and using a trademark that is nearly identical, and confusingly similar, to MANN+HUMMEL's incontestable trademark registration.

2.    Plaintiff FTUS, formerly WIX Filtration Corp LLC ("WIX"), is a wholly owned subsidiary of Plaintiff MPUS, formerly Purolator Products ("Purolator").  Plaintiff MPUS is a wholly owned subsidiary of MANN+HUMMEL Inc. ("HGUS"), all of which are U.S. subsidiaries of the global family-owned filtration company MANN+HUMMEL International GmbH & Co. KG ("M+H International Holding" or "MHKG"). M+H International Holding has been a leader in filtration technology for over 80 years, developing intelligent filtration and separation solutions that enable cleaner mobility, cleaner air, cleaner water, and cleaner industry. Specifically at issue in this case is MANN+HUMMEL's line of automotive oil and air filters sold under the incontestable federal trademark PRO-TEC since at least as early as 1983.

3.     Defendant BSP is a customer of MANN+HUMMEL and authorized reseller of MANN+HUMMEL automotive air filters and oil filters, including its PUROLATOR® line of filters. BSP placed orders with and received products from MANN+HUMMEL, but BSP failed to make payment on those orders. Ultimately, MANN+HUMMEL discovered that, rather than paying the amount owed to MANN+HUMMEL, BSP was investing in its own line of competing automotive filters under the mark "PROTECH," which is nearly identical, and at a minimum confusingly similar, to MANN+HUMMEL's incontestable PROTEC® mark for the same goods.

**PARTIES**

4.    Plaintiff MANN+HUMMEL Filtration Technology US LLC ("FTUS") is a limited liability company duly organized and validly existing under the laws of the state of Delaware with its principal place of business located at 1 Wix Way, Gastonia, North Carolina, 28054.

2

5.     Plaintiff MANN+HUMMEL Purolator Filters LLC ("MPUS") is a limited liability company duly organized and validly existing under the laws of the state of Delaware with its principal place of business located at 3200 Natal Street, Fayetteville, North Carolina, 28306. MPUS's corporate records are maintained at FTUS's corporate office at 1 Wix Way, Gastonia, North Carolina, 28054.

6.     Upon information and belief, Defendant BS Products LLC is a limited liability company duly organized and validly existing under the laws of the state of Utah with its principal place of business located at 3678 South 700 West, Suite #400, South Salt Lake, Utah, 84119.

7.     Defendant BSP entered into purchase order agreements with MANN+HUMMEL in this State and District for the purchase of products shipped from this State.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Alternatively, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action concerns citizen from different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     This Court has jurisdiction over Plaintiff's claims under the laws of the State of North Carolina based upon principles of supplemental jurisdiction and in accordance with 28 U.S.C. § 1367(a), in that the statutory and common law state claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10.     This Court has *in personam* jurisdiction over Plaintiff FTUS in that it is a limited liability company conducting business in this state and in this district and division.

3

11.     This Court has *in personam* jurisdiction over Plaintiff MPUS in that it is a limited liability company conducting business in this state and in this district and division.

12.     This Court has *in personam* jurisdiction over Defendant BSP, as it is conducting business in this district and division, specifically it is entering into purchase orders in this district and division for products sold and shipped from this State. Further, Defendant BSP is engaged in trademark infringement and unfair competition directed at and causing injury to Plaintiff within this district and division. Upon information and belief, Defendant intentionally committed the acts complained of herein knowing that the harm would be suffered by Plaintiff in this district and division.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendant is transacting business in this district, and because a substantial part of the events giving rise to MANN+HUMMEL claims occurred in this judicial district.

## STATEMENT OF FACTS

**A.     MANN+HUMMEL's History and Trademark Rights in Filtration**

14.     Since its founding in 1941, MANN+HUMMEL has grown to become a leading global expert in filtration, including through acquisition of a number of businesses and brands such as Purolator® and WIX® Filters brands of air filters and oil filters for land vehicles.

15.     MANN+HUMMEL acquired full ownership of Purolator® in 2013, which became MPUS, and WIX® Filters in 2016, which became FTUS.

16.     MANN+HUMMEL invests significant resources into the protection of its intellectual property across all of its brands, including maintaining the trademark registrations across all of its brands.  WIX similarly invested significant resources into the protection of its

brands prior to the acquisition of WIX by MANN+HUMMEL. MANN+HUMMEL has continued to protect the valuable brands included with the WIX acquisition.

17.     One product sold by FTUS under the WIX® Filters brand is the PRO-TEC® filter.

18.     Based on its extensive, exclusive, source-identifying, and continuous use of the PRO-TEC® mark, MANN+HUMMEL, through Plaintiff FTUS, owns an incontestable U.S. federal trademark registration for the PRO-TEC® mark for use in connection with oil and air filters for use on land vehicles in International Class 12, which was filed on March 27, 1991, and first used in commerce at least as early as May 30, 1983 ("PRO-TEC® Mark"). The PRO-TEC® Mark registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on January 7, 1992, as United States Trademark Registration No. 1,671,066 ("PRO-TEC® Registration"). The PRO-TEC® Registration has been renewed as required and is incontestable pursuant to 15 U.S.C. § 1065. A copy of the registration is attached hereto as Exhibit 1. The Notice of Acknowledgement Under Section 15 is attached hereto as Exhibit 2.

19.     MANN+HUMMEL, through Plaintiff MPUS, also owns several incontestable trademark registrations for its PUROLATOR® family of marks, including U.S. Registration No. 5,277,048 for the mark PUROLATOR® + blue design; U.S. Registration No. 5,277,051 for the mark PUROLATOR + b/w design; U.S. Registration No. 2,316,118 for the mark PUROLATOR + original design; U.S. Registration No. 2,323,604 for the mark PUROLATOR (work mark, Class 007); U.S. Registration No. 5,245,605 for the mark PUROLATOR (work mark, Class 011); U.S. Registration No. 5,277,049 for the mark PUROLATOR + b/w design; U.S. Registration No. 5,868,648 for the mark PUROLATOR BOSS + design; and U.S. Registration No. 5,242,199 for the mark PUROLATOR ONE + design, al for use in connection with, *inter alia*, various air filters

and oil filters in International Class 007 and International Class 011 (collectively, the PUROLATOR® Family of Marks).

20.     MANN+HUMMEL's brands of filters are established and successful brands, and its trademarks have become synonymous with high quality, effective products and excellent customer service that enables consumers to confidently associate MANN+HUMMEL and its products with its trademarks, including its WIX® Filters, PRO-TEC® Mark, and its PUROLATOR® Family of Marks. MANN+HUMMEL has built significant and valuable goodwill in its trademarks, including its WIX® Filters, PRO-TEC® Mark, and its PUROLATOR® Family of Marks, and the purchasing public recognizes and associates each of the marks with MANN+HUMMEL, its well-known brands, and its goods.

21.     MANN+HUMMEL has expended substantial funds in marketing its brands and its products and developing the associated goodwill that accompanies its trademarks, including its WIX® Filters PRO-TEC® Mark and its PUROLATOR® Family of Marks.  By virtue of the time, effort, and money that MANN+HUMMEL has expended on advertisement and promotion, consumers closely identify each of MANN+HUMMEL trademarks with high quality products originating solely from MANN+HUMMEL.

22.     MANN+HUMMEL has made substantial sales of goods under its PRO-TEC® Mark as well as its PUROLATOR® Family of Marks, which have been highly successful in promoting MANN+HUMMEL's filter products, and in identifying the source of such products as MANN+HUMMEL and its well-established brands.

23.     Plaintiff sells its products online and in-store.  Plaintiff's products are offered for sale by numerous national retail stores, including Walmart, O'Reilly Auto Parts, Advance Auto Parts, as well as regional and local businesses, both in physical storefronts and through websites.

6

24.     Plaintiff's products are well known in the marketplace and include, e.g., air filters, cabin air filters, and oil filters.  Customers are aware of Plaintiff's brands and seek them out for the quality associated with the brands.

25.     Multiple different brands produced by Plaintiff may be offered for sale by the same retailer and/or website.

26.     WIX and Purolator are both well-known Mann+Hummel brands in the United States whose customers overlap.

27.     Plaintiff has also expended substantial funds in protecting and enforcing its trademark rights.  In addition to maintaining its portfolio of federal trademark registrations, Plaintiff actively polices unauthorized uses of its trademarks. Plaintiff has never licensed its PRO-TEC® Mark or its PUROLATOR® Family of Marks or otherwise allowed anyone else to use its PRO-TEC® Mark or its PUROLATOR® Family of Marks.

**B.     Defendant BSP's Purchase Orders to MANN+HUMMEL and Failure to Pay**

28.     Upon information and belief, Defendant BS Products ("BSP") was established in 2019 by Brett Peterson and Sean Malstrom.  See https://bsquicklube.com.

29.     Upon information and belief, Sean Malstrom worked as a sales representative for Purolator/MPUS's largest fast-lube feeder, S&E Distribution, which was acquired by Service Champ.

30.     Upon information and belief, in or around 2019, Sean Malstrom left Service Champ to partner with Brett Peterson to form BS Products as a direct competitor to Service Champ.

31.     Due to Sean Malstrom's knowledge of and relationship with Purolator, MANN+HUMMEL developed a supply relationship with BS Products in 2019.

7

32.     BS Products initiated various purchase orders with MANN+HUMMEL, and MANN+HUMMEL shipped the products ordered by BS Products according to the purchase orders.

33.     Upon information and belief, BSP encountered financial difficulties due to their business development and customer targeting activities as they grew their company. The development included growth into a variety of customers, including larger retail stores, sometimes known as "fast lube operations."

34.     Upon information and belief, BSP encountered financial difficulties due to the Coronavirus pandemic as well.

35.     BSP missed numerous due dates for payments owed to MANN+HUMMEL pursuant to various purchase order agreements. BSP would provide only partial or no payments many times.

36.     MANN+HUMMEL began conversations with BSP in 2022 to try to gain an understanding of when BSP could expect to make its due payments.

37.     MANN+HUMMEL recognized difficulties faced by BSP and offered term extensions to help support BSP while they confronted cash flow issues.

38.     MANN+HUMMEL would fill orders to BSP based on conversations and predicted ability to pay in view of those conversations with BSP.

39.     At the end of 2022, MANN+HUMMEL sent BSP a list of open invoices and requested confirmation of impending payment and date on which said payments could be expected.

40.     In response to inquiries by MANN+HUMMEL regarding missed payments, BSP responded with promises to pay, but failed to actually do so.

41. As of the filing of this Complaint, Defendant BSP has an outstanding balance due and owing to Plaintiff of $601,458.46, not including any interest. *See* Exhibit 3.

**C. Defendant BSP's Intentionally Infringing Trademark**

42. On May 11, 2023, Defendant BSP posted an advertisement for its new "PROTECH" oil filters ("Infringing Products") on its Facebook page. Exhibit 4.



43. In or around July 2023, MANN+HUMMEL discovered Defendant BSP's Facebook post advertising its Infringing Products, as shown above.

44. Upon further investigation, MANN+HUMMEL also discovered that Defendant BSP had filed a federal intent-to-use trademark application, Ser. No. 97/646,578, for the mark "PROTECH FILTRATION" (with the term "filtration" disclaimed as descriptive) for use in

9

connection with air filters for automobile engines; oil filters ("Infringing PROTECH Mark"). Complete File Wrapper attached as Exhibit 5. The mark later registered on January 23, 2024, as U.S. Reg. No. 7,288,944, ("BS Registration"). *Id.* at pp. 4-5.

45.    On July 6, 2023, MANN+HUMMEL, by and through counsel, sent Defendant BSP a cease and desist letter, demanding that Defendant BSP cease and desist all use of the Infringing PROTECH Mark, or any other similar designation confusingly similar to the PRO-TEC® Mark, and expressly abandon its intent-to-use trademark application for the Infringing PROTECH Mark. Exhibit 6.

46.    Defendant BSP never provided a substantive response, but also did not appear to make any further use of the Infringing PROTECH Mark on its social media pages or website. At that time, MANN+HUMMEL had no reason to believe that Defendant BSP was in fact using the Infringing PROTECH Mark yet.

47.    On November 14, 2023, Defendant BSP filed a statement of use for the Infringing PROTECH Mark with the USPTO, claiming a date of first use of February 2, 2023. Ex. 5 at pp. 18-21.

48.    On or around December 2023, MANN+HUMMEL discovered that Defendant BSP had added the Infringing PROTECH Mark to its website, as shown below (Exhibit 7):



49.     This expanding use of the Infringing PROTECH Mark is particularly egregious because Defendant BSP is advertising the Infringing PROTECH Mark together with the MANN+HUMMEL's other well-known PUROLATOR® Marks.

50.     Indeed, as a customer of, and authorized reseller for, MANN+HUMMEL's automotive air filters and oil filters, Defendant BSP heavily advertises its connection with MANN+HUMMEL's PUROLATOR® brand, as shown in the second page of Defendant BSP's 2022-2023 Catalog (Exhibit 8):



©2018 MANN+HUMMEL Purolator Filters LLC. All rights reserved.

51.     Defendant BSP's use of its Infringing PROTECH Mark, which is nearly identical to MANN+HUMMEL's PRO-TEC® Mark, in connection with other well-known MANN+HUMMEL trademarks and products increases the likelihood that consumers will be confused or deceived into thinking that Defendant's Infringing Product is in fact MANN+HUMMEL's PRO-TEC® product.

52.     On January 3, 2024, MANN+HUMMEL, by and through counsel, sent Defendant BSP a follow-up cease and desist letter addressing: (1) BSP owed an outstanding balance of $601,458.46 for orders placed with and satisfied by MANN+HUMMEL, but not paid by BSP; and (2) BSP's use of the Infringing PROTECH Mark in spite of actual notice of MANN+HUMMEL's incontestable trademark rights in the PRO-TEC® Mark for oil and air filters in land vehicles. Exhibit 9.  MANN+HUMMEL sought to resolve the matter amicable and requested a response by January 19, 2024.

53.     On January 18, 2024, Sean Malmstrom, upon information and belief one of the owners of Defendant BSP, responded that they were consulting with counsel and would provide a response later the following week. Exhibit 10.

54.     MANN+HUMMEL agreed to extend its deadline for Defendant BSP to respond until January 26, 2024.

55.     On January 29, 2024, Defendant BSP sent a response letter, by and through counsel, acknowledging that it owed MANN+HUMMEL for unpaid invoices, but disputed the amount. Defendant BSP further argued that it believed that it was not infringing MANN+HUMMEL's PRO-TEC Mark because it had recently (six days before sending the letter) received a U.S. trademark registration for the mark "PROTECH FILTRATION," summarily dismissing MANN+HUMMEL's infringement allegations as "misplaced." Exhibit 11.

56.     Defendant BSP's Infringing Products are listed for sale on eBay, which lists MANN+HUMMEL's PRO-TEC® products as "similar products" on the product listing pages, evidencing a high likelihood of confusion between MANN+HUMMEL's PRO-TEC Mark and Defendant BSP's Infringing PROTECH Mark for the same goods. Exhibit 12.



57.     Defendant BSP is a direct competitor of MANN+HUMMEL in manufacturing, marketing, and selling its own line of oil filters and air filters for vehicles.

58.     Defendant BSP's Infringing PROTECH Mark is nearly identical in sight, sound, and connotation to MANN+HUMMEL's incontestably registered PRO-TEC® Mark.

59.     Upon information and belief, Defendant BSP began selling the Infringing Products in February 2023.

60.     Upon information and belief, Defendant BSP knowingly adopted the Infringing PROTECH Mark with knowledge of MANN+HUMMEL's PRO-TEC® Mark and registration and MANN+HUMMEL's prior use of its PRO-TEC® Mark for identical goods.

61.     Upon information and belief, both Plaintiff's and Defendant's respective goods are provided, advertised, distributed, offered for sale, and/or sold to the same class of consumers, within the same industry, and through the same channels of trade.

62.     Upon information and belief, Defendant's Infringing Product is sold directly from Defendant BSP, along with MANN+HUMMEL branded automotive oil filters and air filters, and online through ecommerce sites such as eBay.

63.     As part of its investigation into BSP's ongoing infringement, MANN+HUMMEL hired an investigator to make inquiries regarding the availability of BSP's advertised PROTECH brand products. The investigator purchased the Infringing Product, which was shipped into North Carolina for inspection.

64.     Defendant BSP proudly confirmed the availability and commercial success of BSP's infringing product to the investigator, advising, "Our ProTech line is our most popular…." Defendant BSP further advised that "our Protech number system follows Purolator number system but shortened for easy application. Example: Purolator=TL14612, ProTech=O4612."

15

65. Defendant BSP's unauthorized marketing, promotion, and sale of the Infringing Product is likely to cause consumers to be confused or deceived or mistakenly believe that Defendant BSP's Infringing Products are made, sponsored, endorsed, authorized by, or in some other manner affiliated with MANN+HUMMEL and its PRO-TEC® Mark, when they are not.

66. The likelihood of mistake, confusion, and deception caused by Defendant BSP's unauthorized use of the PRO-TEC® Mark has caused and will cause in the future irreparable harm to the goodwill symbolized by the PRO-TEC® Mark, MANN+HUMMEL's registration, and the reputation the Mark embodies.

67. MANN+HUMMEL's name, reputation, and goodwill are likely to suffer as a result of Defendant BSP's conduct, given that, among other things, consumers who mistakenly purchase Defendant BSP's Infringing Product will associate any issues or problems with MANN+HUMMEL, due to the Infringing PROTECH Mark being so confusingly similar to MANN+HUMMEL's PRO-TEC® Mark.

68. Upon information and belief, Defendant BSP's actions have been and continue to be intentional, willful, malicious, and in complete disregard of MANN+HUMMEL's rights.

69. Defendant BSP's unlawful conduct has irreparably harmed MANN+HUMMEL, and MANN+HUMMEL has no adequate remedy at law to redress these injuries.

## **COUNT I – Breach of Contract**

70. Paragraphs 1-69 are incorporated herein by reference as though set forth in their entirety.

71. Defendant entered into a series of valid and enforceable purchase orders ("Purchase Order") with Plaintiff.

72.     Plaintiff performed all obligations and/or conditions precedent to the enforcement of the Purchase Order.

73.     Defendant has materially breached the Purchase Order by failing to pay for the goods ordered and satisfied by Plaintiff.

74.     As a direct and proximate result of Defendant's contractual breaches, Plaintiff has been damaged in the amount of at least $601,458.46, or as further to be proven at trial.

## COUNT II – Federal Trademark Infringement
### (15 U.S.C. § 1114)

75.     Paragraphs 1-74 are incorporated herein by reference as though set forth in their entirety.

76.     Plaintiff is the owner of the incontestable U.S. Federal Trademark Registration No. 1,671,066 for the PRO-TEC® Mark. The Mark registered on January 7, 1992, in connection with oil and air filters for use on land vehicles in International Class 12 and has been used in commerce since at least as early as May 30, 1983.

77.     Defendant, without consent from Plaintiff, adopted, used and is currently using in commerce the Infringing PROTECH Mark, in connection with the sale of automotive air filters and oil filters.

78.     Plaintiff has been damaged, and in the absence of relief from this Court, will continue to be damaged by Defendant's use of the Infringing PROTECH Mark in connection with the sale of automotive air filters and oil filters.

79.     Defendant's use of the Infringing PROTECH Mark in connection with the sale, offering for sale, and advertising of Defendant's goods is likely to cause confusion, mistake or deception with respect to the source of the goods and services and therefore constitutes trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

17

80.     Defendant's above-described acts of infringement have caused irreparable injury to Plaintiff, and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's trademark rights, due to the confusion, mistake, or deception that will likely be generated among the trade and the public. Plaintiff has no adequate remedy at law.

81.     As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendant, Plaintiff is entitled to an injunction, an award of Defendant's profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

### COUNT III – Federal False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

82.     Paragraphs 1-81 are incorporated herein by reference as though set forth in their entirety.

83.     Defendant has, by virtue of its above-described acts, infringed upon Plaintiff's rights and competed unfairly with Plaintiff by falsely designating Defendant's goods as originating with Plaintiff or otherwise approved or sponsored by Plaintiff in violation of 15 U.S.C. § 1125.

84.     As a customer of Plaintiff, Defendant is an authorized reseller of Plaintiff's automotive air filters and oil filters, including Plaintiff's line of PUROLATOR® brand automotive filters. Defendant is advertising the Infringing PROTECH Mark in together with the PUROLATOR® Marks owned by MANN+HUMMEL. Using the Infringing PROTECH Mark, which is confusingly similar to Plaintiff's PRO-TEC® Mark, alone is likely to cause confusion, mistake, or deception; but Defendant takes this one step further by using the nearly identical Infringing PROTECH Mark in connection with other well-known MANN+HUMMEL trademarks.

18

85.     Defendant has used, and are using, in commerce, in connection with the sale, offer for sale, and advertising of automotive air filters and oil filters, the Infringing PROTECH Mark, in such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

86.     Upon information and belief, Defendant has intentionally, knowingly, and willfully adopted, used, and continue to use the Infringing PROTECH Mark in commerce to cause consumer confusion, mistake, and/or deception.

87.     Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, with the knowledge that its Infringing PROTECH Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

88.     Defendant's above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's rights and competing unfairly with Plaintiff due to the confusion, mistake, or deception that will likely be generated among the trade and the public.  Plaintiff has no adequate remedy at law.

89.     As a result of the above-described intentional, deliberate, and willful infringement of Plaintiff's trademark rights and unfair competition by Defendant, Plaintiff is entitled to an injunction, an award of Defendant's profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

19

<u>**COUNT IV – Cancellation of U.S. Trademark Reg. No. 7,288,944**</u>
**(15 U.S.C. §§ 1064, 1119)**

90.     Paragraphs 1-89 are incorporated herein by reference as though set forth in their entirety.

91.     Defendant filed an application to register the mark PROTECH FILTRATION (with "FILTRATION" disclaimed) for use in connection with air filters for automobile engines; oil filters on October 25, 2022, which registered as U.S. Trademark Reg. No. 7,288,944 (" the '944 Registration") on January 23, 2024.

92.     Plaintiff is or will be damaged by the '944 Registration because it is likely to cause confusion with Plaintiff's prior long-standing U.S. Trademark Reg. No. 1,671,066 for the mark PRO-TEC for use in connection with the same goods.

93.     Further, upon information and belief, Defendant obtained the '944 Registration by twice fraudulently misrepresenting to the United States Patent and Trademark Office in is application that, "[t]o the best of [Defendant's] knowledge and belief, no other persons…have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." Ex. 5 at pp. 19, 45. The application and the Statement of Use were both signed by Defendant's principal, Sean Malmstrom, who upon information and belief had knowledge of Plaintiff's well-established trademark rights.

94.     This Court has the power to order cancellation of the '944 Registration pursuant to 15 U.S.C. §§ 1064 and 1119.

95.     Accordingly, Plaintiff requests cancellation of Defendant's '944 Registration on the grounds that PROTECH FILTRATION is likely to cause confusion, mistake, and/or deception

with Plaintiff's incontestably registered PRO-TEC Mark for use in connection with the same goods.

## <u>COUNT V – North Carolina Unfair and Deceptive Trade Practices</u>
### (N.C. Gen. Stat. § 75-1.1 *et seq.*)

96.     Paragraphs 1-95 are incorporated herein by reference as though set forth in their entirety.

97.     There is invaluable goodwill with Plaintiff's PRO-TEC® Mark. Plaintiff has expended considerable time and money advertising and promoting the PRO-TEC® Mark in connection with its goods.

98.     Upon information and belief, Defendant had prior knowledge of Plaintiff's trademark registration and trademark rights in the PRO-TEC® Mark before adoption, use as a trademark, and infringement of the PRO-TEC® Mark.

99.     Upon information and belief, Defendant intentionally copied Plaintiff's PRO-TEC® Mark, or at a minimum was willfully blind to Plaintiff's trademark rights in the PRO-TEC® Mark, for use in connection with its infringing goods.

100.    Upon information and belief, Defendant has realized unjust profits, gains and advantages as a proximate result of its infringing conduct.

101.    Defendant's infringing use of Plaintiff's PRO-TEC® Mark constitutes use in commerce that is likely to cause consumers to be confused, mistaken or deceived as to the affiliation, connection or association of Plaintiff with Defendant and/or the Infringing PROTECH Mark, or as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff, in violation of N.C. Gen. Stat. § 75-1.1.

102.    The activities of Defendants as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, constitute unfair methods of competition in or affecting

commerce and/or unfair and deceptive acts or practices in or affecting commerce in North Carolina and have proximately caused and are proximately causing injury to Plaintiff in North Carolina. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq*.

103. By reason of the foregoing, Plaintiff is entitled to recover from Defendant treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## **COUNT VI – North Carolina Common Law Unfair Competition**

104. Paragraphs 1-103 are incorporated herein by reference as though set forth in their entirety.

105. The activities of Defendant as described in this Complaint are unfair acts that have damaged Plaintiff's legitimate business activities. Therefore, those activities of Defendant constitute unfair competition and unfair and deceptive acts and practices in the State of North Carolina pursuant to the common law of North Carolina.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MANN+HUMMEL Filtration Technology US LLC and MANN+HUMMEL Purolator Filters LLC respectfully pray for judgment against Defendant BS Products LLC as follows:

A. Judgment in MANN+HUMMEL's favor and against Defendant on all counts;

B. A declaration that Defendant breached the Purchase Orders;

C. An award of damages in the amount of $601,458.46, or as further to be determined at trial, and issue judgment in MANN+HUMMEL's favor against Defendant for its breach of contract;

22

D.      An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently enjoining Defendant, including its officers, agents, servants, employees, attorneys, successors, assigns, and all those in privity or acting in concert or participation with Defendant, from the following acts:

1) from using any trademark, service mark, logo, trade name, domain name or designation confusingly similar to the PRO-TEC® Mark owned by MANN+HUMMEL;

2) from otherwise infringing MANN+HUMMEL's trademark rights;

3) from making any statement or representation that falsely designates or describes Defendant as authorized, certified, or sponsored by, or associated with, MANN+HUMMEL or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such products;

4) from otherwise competing unfairly with MANN+HUMMEL; and

5) from causing injury to the business reputation of MANN+HUMMEL.

E.      An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently directing Defendant, including its officers, agents, servants, employees, attorneys, successors, assigns, and all those in privity or acting in concert or participation with Defendant, to perform the following remedial measures:

1) removing from any and all websites, retail platforms, and social media used to advertise and sell Defendant's products all uses of the Infringing PROTECH Mark, as described in the Complaint;

23

2) issuing a recall notice to all purchasers of the Defendant's in the United States and offering a full refund to any customers who purchased such filters marked with the Infringing PROTECH Mark;

3) providing corrective advertising on all websites, retail platforms, and social media used to advertise and sell Defendant's filters bearing the Infringing PROTECH Mark that such filters are not authorized, affiliate, sponsored or certified by MANN+HUMMEL;

4) under 15 U.S.C. § 1118 and/or other applicable law, destroying all inventory of filters bearing the Infringing PROTECH Mark, and certifying to MANN+HUMMEL that such destruction has occurred, including the number of units destroyed and the manner of their destruction; and

5) within thirty (30) days, providing to MANN+HUMMEL a sworn statement as to how it has complied with the Court's orders;

F. An award of damages under 15 U.S.C. § 1117, and/or other applicable law, to MANN+HUMMEL against Defendant resulting from its violation of Section 32(a) of the Lanham Act (15 U.S.C. § 1114(a)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for federal trademark infringement and federal unfair competition and false designation of origin, respectively, in an amount to be fixed by the Court, which in its discretion it finds just, including, without limitation:

1) Disgorgement of all profits received by Defendant from sales and revenues of any kind as a result of the actions complained of in this Complaint; and

2) all damages sustained by MANN+HUMMEL as a result of Defendant's acts of infringement and unfair competition, including damages resulting from losses

24

sustained by MANN+HUMMEL and the equivalent of a reasonable royalty, and any other damages sufficient to compensate MANN+HUMMEL for Defendant's trademark infringement, unfair competition, and false designation of origin;

G. A three-fold increase in damages under 15 U.S.C. § 1117 and/or other applicable law, for Defendant's willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

H. That, because of the deliberate and willful actions of Defendant, this action be designated an exceptional case, thereby entitling MANN+HUMMEL to an award of all reasonable attorneys' fees, costs, and disbursements incurred by MANN+HUMMEL as a result of this action, pursuant to 15 U.S.C. § 1117 and/or other applicable law, and that MANN+HUMMEL be awarded such relief;

I. An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of costs and pre- and post-judgment interest on MANN+HUMMEL's compensatory damages;

J. That MANN+HUMMEL be awarded judgment for damages as a result of Defendant's unfair and deceptive trade practices and that those damages be trebled pursuant to N.C. Gen. Stat. § 75-16 and that MANN+HUMMEL be awarded its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1;

K. That MANN+HUMMEL be awarded judgment for damages resulting from Defendants' common law unfair competition; and,

L. That this Court award any and all relief not here enumerated that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through its undersigned attorneys, requests a trial by jury on all issues so triable.

Dated this the 30th day of August, 2024.

Respectfully submitted,

 /s/ Christina Davidson Trimmer
Christina Davidson Trimmer
(N.C. Bar No. 44857)
Samuel Alexander Long, Jr.
(N.C. Bar No. 46588)
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
(704) 375-0057 – Telephone
(704) 332-1197 – Facsimile
Email: ctrimmer@shumaker.com
          along@shumaker.com

*Attorneys for Plaintiffs MANN+HUMMEL*
*Filtration Technology US LLC and*
*MANN+HUMMEL Purolator Filters LLC*

26

## CERTIFICATE OF SERVICE

This is to certify that on August 30, 2024, the foregoing document was filed using the Court's ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Christina Davidson Trimmer
Christina Davidson Trimmer
N.C. Bar No. 44857
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon St., Suite 2200
Charlotte, North Carolina 28280-0002
(704) 375-0057 – Telephone
(704) 332-1197 – Facsimile
Email: ctrimmer@shumaker.com